HARRIS, Judge.
This is an appeal from the denial of a pro se petition for writ of error coram nobis, as amended, seeking to overturn three robbery and four burglary convictions to which he entered pleas of guilty on July 11, 1975, before Honorable Joseph E. Hocklander, (now deceased), Presiding Judge of the Circuit Court of Mobile County, Alabama.
He was represented by Honorable Rig-gins Stephens, a practicing attorney of Mobile, Alabama, with fourteen years experience as a trial lawyer. Petitioner executed an Ireland form which contained all of his constitutional rights before he appeared before Judge Hocklander to enter the guilty pleas.
Before accepting the guilty pleas the trial judge had a face to face colloquy with the defendant to determine if he knowingly and intelligently understood his constitutional rights as set forth in the Ireland form and waived a jury trial in each of the cases. Upon being satisfied that the defendant knew and understood all of his rights the court accepted the guilty pleas and sentenced him to twenty-five years in the penitentiary on the first robbery charge. The court then sentenced appellant to twenty-five years on the second robbery charge to run concurrently with the sentence imposed in the first robbery case. The court sentenced the appellant to twenty-five years on the third robbery charge to run concurrently with the sentence imposed in the first and second robbery convictions. Then the court sentenced defendant to ten years on each of the four burglary cases and ordered these sentences to run concurrently with the sentences imposed in the robbery convictions.
Nowhere in the petition for writ of error coram nobis do we find an allegation that petitioner was innocent of the charges brought against him. He did testify that his attorney told him that if he did not plead guilty he probably would receive a sentence of life imprisonment on the robbery charges. This statement was refuted by his attorney in testimony before the trial court on the hearing of the instant petition.
The law in this state is settled that a plea of guilty serves as a stipulation that no proof by the prosecution need be advanced *781 and supplies both evidence and verdict thereby ending controversy. Albright v. State, 50 Ala.App. 480, 280 So.2d 186, cert. denied 291 Ala. 771, 280 So.2d 191.
A plea of guilty is more than a confession which admits that accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
The judgment of the Circuit Court of Mobile County denying the petition is affirmed.
AFFIRMED.
All the Judges concur.